IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> AMERICAN PRIDE WASTE SOLUTIONS, INC., a South Carolina corporation, </br></br> Defendant. | Civil Action No.: [TO BE ASSIGNED] </br></br></br></br> **COMPLAINT** </br></br> **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Christina Rivers ("Rivers"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Defendant American Pride Waste Solutions, Inc.("Defendant") denied an employment opportunity to Rivers due to her sex (female) in violation of Title VII.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant American Pride Waste Solutions, Inc. has continuously been doing business in the State of South Carolina and the City of Bluffton, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Rivers filed a charge with the Commission alleging violations of Title VII by Defendant.

7.      On January 12, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      On February 6, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

10. Since at least April 2016, Defendant has engaged in unlawful employment practices at its Bluffton, South Carolina, office in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2(a)(1).

11. On or about April 25, 2016, Rivers went to Defendant's office to complete an application for employment. Rivers was seeking a position as a truck driver, who would be operating a trash pick-up truck on city streets.

12. Upon information and belief, Defendant provides waste disposal services in Bluffton, South Carolina and on Hilton Head Island in South Carolina.

13. Prior to completing her application for employment, Rivers was told by an acquaintance who was a current employee of Defendant at the time that Defendant was looking to hire drivers. Rivers had experience working as a part-time truck driver for another company hauling material waste.

14. After completing her employment application, Rivers gave the application to Defendant's receptionist who told Rivers that someone from the company would contact her.

15. Rivers was not contacted by Defendant so, the following week, she visited Defendant's office to check on her application. She was told again by the receptionist that someone would contact her. However, no one contacted Rivers.

16. Rivers called Defendant weekly for the next few weeks hoping to be able to talk to the hiring manager about her application. However, she was never able to speak to a hiring official about her application.

17. Approximately two weeks after completing her application, Rivers had a chance encounter at a local store with the father of the Defendant employee who had told her that

Defendant was hiring drivers. He told Rivers that Defendant had never hired any female truck drivers.

18. After Defendant rejected Rivers' application, it hired several male applicants.

19. The effect of the practices complained of above has been to deprive Rivers of equal employment opportunities and otherwise adversely affect her status as an applicant for employment, because of her sex.

20. The unlawful employment practices complained of above were intentional.

21. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Rivers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to women, or engaging in any employment practice that discriminates against employees and applicants for employment due to their sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Rivers whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement.

4

    D.    Order Defendant to make Rivers whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

    E.    Order Defendant to make Rivers whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including but not limited to damages for emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Rivers punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This the 4th day of April, 2018.

Respectfully submitted:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney
Atlanta District Office

LAKISHA DUCKETT-ZIMBABWE
Supervisory Trial Attorney

Atlanta District Office

**s/** *Rachael S. Steenbergh-Tideswell*
RACHAEL S. STEENBERGH-TIDESWELL
South Carolina Federal Bar No. 10867
Senior Trial Attorney & Local Counsel
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**