IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN PRIDE WASTE SOLUTIONS, INC., ) <br> ) <br> Defendant. ) | Civil Action No.: 9:18-cv-00912-DCN-JDA <br><br> **CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant American Pride Waste Solutions, Inc., ("Defendant") failed to hire Christina Rivers for a truck driver position because of her gender, female, which the Defendant denied in its Answer.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation, without the admission of liability, and in settlement and compromise of a disputed claim.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.     Defendant shall not discriminate against any applicant for employment or employee on the basis of their gender within the meaning of Title VII, including by failing to hire an otherwise qualified applicant for a position because of their gender.

2.     Defendant shall not discriminate or retaliate against any applicant for employment or employee because of their opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.     Defendant shall pay Christina Rivers the sum of Thirty-two thousand, five hundred dollars ($32,500) in settlement of the claims raised in this action.  Defendant shall make payment by issuing a check payable to Ms. Rivers. Payment shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the check to Ms. Rivers at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Ms. Rivers**.** Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Ms. Rivers may or may not incur on such payments under local, state and/or federal law.

4.     Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy,

which shall include but not be limited to the following:  an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on gender; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90-day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

     5.     During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 4, *supra*, in all of their facilities in Bluffton, South Carolina, in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.  Within ninety (90) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

     6.     During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees in Bluffton, South Carolina. Each training program shall include an explanation of the requirements of Title VII and its prohibition against gender discrimination in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 4 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

     The first training program shall be completed within ninety (90) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at

approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7.      Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees at its Bluffton, South Carolina, facilities.  If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within thirty (30) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

8.      During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

>   A)    a list of all female applicants for employment as truck drivers; and
>
>   B)    for each applicant identified in 8(A) above who was not hired, identify all persons involved in the decision not to hire the applicant (including the individuals' names, gender, , job title, and contact information); a detailed explanation for not hiring the applicant; the identities of the applicants who were hired for the position applied for (including the individuals' names, gender and contact information); the reasons why the individuals were hired; and the identities of all persons involved in the decision to hire the successful applicant(s)

(including the individuals' names, gender, job title, and contact information).

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

9. The Commission may review and verify Defendant's compliance with its obligations set forth in paragraphs 4 – 8 of this Consent Decree, to include an inspection of Defendant's Bluffton, South Carolina facilities, interviewing employees and the examination and copying documents.

10. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

11. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

12. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Victor Smith at victor.smith@americanpridewaste.net, with a copy to Ben Baroody at BBaroody@bellamylaw.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) days of the change.

13. All reports or other documents sent to the Commission by Defendant pursuant to

this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Antonette Sewell, Regional Attorney, Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, SW, Suite 4R30, Atlanta, Georgia 30303.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____

March 18, 2019                                            David C. Norton
Charleston, South Carolina                          United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION, Plaintiff

    JAMES L. LEE
    Acting General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel


    _____

    ANTONETTE SEWELL
    Regional Attorney
    Atlanta District Office

LAKISHA DUCKETT-ZIMBABWE
Supervisory Trial Attorney

_____
James W. Allen
Senior Trial Attorney
Equal Employment Opportunity Commission
Savannah Local Office
7391 Hodgson Memorial Drive
Savannah, Georgia 31406-2579


AMERICAN PRIDE WASTE SOLUTIONS, INC., Defendant

_____
By: _____